1

2

3

4

5

6

7

8

9

10

11

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 12 | RON PERNELL WALLS,                  ) | No. C 09-01959 JF (PR) |
| 13 | Plaintiff,          ) | ORDER OF SERVICE; |
| 14 | vs.                                            ) | DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH |
| 15 | A. D. LEE, et al.,                           ) | MOTION; INSTRUCTIONS TO CLERK |
| 16 | Defendants.          ) | |
| 17 | ) | |
| 18 | ) | |

19     Plaintiff, a California prisoner incarcerated at California State Prison - Solano in

20 Vacaville, filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983

21 against prison officials at San Quentin State Prison ("SQSP") for unconstitutional acts.

22 Plaintiff's motion for leave to proceed in forma pauperis will be granted in a separate

23 written order.

24

25                                        **DISCUSSION**

26 **A.     Standard of Review**

27     A federal court must conduct a preliminary screening in any case in which a

28 prisoner seeks redress from a governmental entity or officer or employee of a

Order of Service; Directing Ds to file Disp. Motion
P:\PRO-SE\SJ.JF\CR.09\Walls01959_svc.wpd                          1

1   governmental entity.  See 28 U.S.C. § 1915A(a).  In its review, the court must identify

2   any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a

3   claim upon which relief may be granted or seek monetary relief from a defendant who is

4   immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be

5   liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

6   1988).

7         To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

8   elements: (1) that a right secured by the Constitution or laws of the United States was

9   violated, and (2) that the alleged violation was committed by a person acting under the

10  color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

11  **B.    Plaintiff's Claims**

12        Plaintiff's claims arise from a rules violation report ("RVR") charging him with

13  participating in a prison riot which occurred on November 28, 2005 at SQSP.  Plaintiff

14  challenged the RVR, and was found not guilty thereof in an informal appeal response

15  issued on March 4, 2009.  (Compl. at 14-15.)

16        Plaintiff alleges the following claims: (1) Defendants subjected Plaintiff to

17  retaliation in violation of the First Amendment by increasing Plaintiff's custody level

18  points resulting in a transfer to a higher security prison after Plaintiff filed a grievance

19  against them for filing a false RVR; (2) Defendants violated Plaintiff's right to due

20  process by placing him in administrative segregation ("ad-seg") without providing

21  procedural protections; and (3) Defendants violated Plaintiff's constitutional rights by

22  knowingly using false information to place him in ad-seg.  Plaintiff alleges that he has

23  exhausted administrative remedies for these claims.  Plaintiff seeks declaratory relief and

24  damages.  Liberally construed, Plaintiff's claims are cognizable under § 1983.

25  **C.    Defendant John Doe**

26        Plaintiff names Defendants John Doe One in his complaint.  Although the use of

27  "John Doe" to identify a defendant is not favored in the Ninth Circuit, see Gillespie v.

28  Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Wiltsie v. Cal. Dep't of Corrections, 406 F.2d

Order of Service; Directing Ds to file Disp. Motion
P:\PRO-SE\SJ.JF\CR.09\Walls01959_svc.wpd

1  515, 518 (9th Cir. 1968), situations may arise where the identity of alleged defendants

2  cannot be known prior to the filing of a complaint.  In such circumstances, the plaintiff

3  should be given an opportunity through discovery to identify the unknown defendants,

4  unless it is clear that discovery would not uncover their identities or that the complaint

5  should be dismissed on other grounds.  See Gillespie, 629 F.2d at 642; Velasquez v.

6  Senko, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986).  Accordingly, Defendant John Doe

7  One is DISMISSED from this action.  If through discovery Plaintiff is able to identify the

8  unknown defendant, he may then motion the Court for leave to amend to name the

9  intended defendant and to issue summons upon him.  See Gillespie, 629 F.2d at 642;

10  Barsten v. Dep't of the Interior, 896 F.2d 422, 423-24 (9th Cir. 1990).

11

12                                          **CONCLUSION**

13        For the reasons stated above, the Court orders as follows:

14        1.        Defendant John Doe One is DISMISSED from this action.  The Clerk shall

15  terminate this defendant from the docket.

16        2.        The Clerk of the Court shall issue summons and the United States Marshal

17  shall serve, without prepayment of fees, a copy of the complaint in this matter, all

18  attachments thereto, and a copy of this order upon **Lieutenant A. D. Lee, Sergeant T. A.**

19  **Lee, Lieutenant L. Rodriguez, Correctional Officer R. Grant and Counselor W.**

20  **Burkhart** at **San Quentin State Prison.**  The Clerk shall also mail courtesy copies of the

21  Complaint and this order to the California Attorney General's Office.

22        3.        No later than **sixty (60) days** from the date of this order, Defendants shall

23  file a motion for summary judgment or other dispositive motion with respect to the claims

24  in the complaint found to be cognizable above, or, within such time, notify the Court that

25  Defendants are of the opinion that this case cannot be resolved by such a motion.

26        a.        If Defendants elect to file a motion to dismiss on the grounds that

27  Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C.

28  § 1997e(a), Defendants shall do so in an unenumerated Rule 12(b) motion pursuant to

Order of Service; Directing Ds to file Disp. Motion
P:\PRO-SE\SJ.JF\CR.09\Walls01959_svc.wpd                    3

1  Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v.

2  Terhune, 540 U.S. 810 (2003).

3         b.     Any motion for summary judgment shall be supported by adequate

4  factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of

5  Civil Procedure.  **Defendants are advised that summary judgment cannot be granted,**

6  **nor qualified immunity found, if material facts are in dispute.  If Defendants are of**

7  **the opinion that this case cannot be resolved by summary judgment, they shall so**

8  **inform the Court prior to the date the summary judgment motion is due.**

9       4.     Plaintiff's opposition to the dispositive motion shall be filed with the Court

10  and served on Defendants no later than **thirty (30) days** from the date Defendants'

11  motion is filed.

12         a.     In the event Defendants file an unenumerated motion to dismiss

13  under Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

14          The Defendants have made a motion to dismiss pursuant to Rule
   12(b) of the Federal Rules of Civil Procedure, on the ground you have not

15  exhausted your administrative remedies.  The motion will, if granted, result
   in the dismissal of your case.  When a party you are suing makes a motion

16  to dismiss for failure to exhaust, and that motion is properly supported by
   declarations (or other sworn testimony) and/or documents, you may not

17  simply rely on what your complaint says.  Instead, you must set out specific
   facts in declarations, depositions, answers to interrogatories, or documents,

18  that contradict the facts shown in the Defendant's declarations and
   documents and show that you have in fact exhausted your claims.  If you do

19  not submit your own evidence in opposition, the motion to dismiss, if
   appropriate, may be granted and the case dismissed.

20
          b.     In the event Defendants file a motion for summary judgment, the

21  Ninth Circuit has held that the following notice should be given to Plaintiff:

22          The defendants have made a motion for summary  judgment by

23  which they seek to have your case dismissed.  A motion for summary
   judgment under Rule 56 of the Federal Rules of Civil Procedure will, if

24  granted, end your case.

25          Rule 56 tells you what you must do in order to oppose a motion for

26  _____

27    [1] The following notice is adapted from the summary judgment notice to be given to pro

28  se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).
   See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

Order of Service; Directing Ds to file Disp. Motion
P:\PRO-SE\SJ.JF\CR.09\Walls01959_svc.wpd        4

1    summary judgment.  Generally, summary judgment must be granted when
     there is no genuine issue of material fact--that is, if there is no real dispute
2    about any fact that would affect the result of your case, the party who asked
     for summary judgment is entitled to judgment as a matter of law, which will
3    end your case.  When a party you are suing makes a motion for summary
     judgment that is properly supported by declarations (or other sworn
4    testimony), you cannot simply rely on what your complaint says.  Instead,
     you must set out specific facts in declarations, depositions, answers to
5    interrogatories, or authenticated documents, as provided in Rule 56(e), that
     contradict the facts shown in the defendants' declarations and documents
6    and show that there is a genuine issue of material fact for trial.  If you do
     not submit your own evidence in opposition, summary judgment, if
7    appropriate, may be entered against you.  If summary judgment is granted
     in favor of defendants, your case will be dismissed and there will be no
8    trial.

9    See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

10          Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and

11   Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment

12   must come forward with evidence showing triable issues of material fact on every

13   essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to

14   Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to

15   the granting of the motion, and granting of judgment against plaintiff without a trial.  See

16   Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18

17   F.3d 651, 653 (9th Cir. 1994).

18          5.      Defendants shall file a reply brief no later than **fifteen (15) days** after

19   Plaintiff's opposition is filed.

20          6.      The motion shall be deemed submitted as of the date the reply brief is due.

21   No hearing will be held on the motion unless the Court so orders at a later date.

22          7.      All communications by the Plaintiff with the Court must be served on

23   Defendants, or Defendants' counsel once counsel has been designated, by mailing a true

24   copy of the document to Defendants or Defendants' counsel.

25          8.      Discovery may be taken in accordance with the Federal Rules of Civil

26   Procedure.  No further Court order is required before the parties may conduct discovery.

27          9.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

28   Court informed of any change of address and must comply with the Court's orders in a

Order of Service; Directing Ds to file Disp. Motion
P:\PRO-SE\SJ.JF\CR.09\Walls01959_svc.wpd                     5

1   timely fashion.  Failure to do so may result in the dismissal of this action for failure to

2   prosecute pursuant to Federal Rule of Civil Procedure 41(b).

3        IT IS SO ORDERED.

4

DATED:   8/17/09

5                                          JEREMY FOGEL
                                           United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order of Service; Directing Ds to file Disp. Motion
P:\PRO-SE\SJ.JF\CR.09\Walls01959_svc.wpd            6

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


RON PERNAELL WALLS,

                Plaintiff,

   v.

AD. LEE, et al.,

                Defendants.

_____/

Case Number: CV09-01959 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____8/26/09_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.



Ron Pernell Walls P-54358
California State Prison-Solano
PO Box 4000
(7-237)
Vacaville, CA 95696


Dated: _____8/26/09_____

                Richard W. Wieking, Clerk