United States District Court
For the Northern District of California

*E-Filed 5/5/10*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RON PERNELL WALLS, | No. C 09-1959 RS (PR) |
|     Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| A. D. LEE, et al., | **GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
|     Defendants. | |

## INTRODUCTION

Plaintiff Ron Pernell Walls is a state prisoner who is proceeding *pro se* in this civil rights action brought under 42 U.S.C. § 1983, in which he alleges that defendants, employees of San Quentin State Prison, violated his First Amendment and due process rights.[1] Defendants A. D. Lee, W. N. Burkhart, and Lieutenant Rodriguez move to dismiss the claims against them on the grounds that plaintiff failed to exhaust his administrative remedies. (*See* Docket No. 30.) The remaining defendants, R. Grant, T. A. Lee, and B. Welch move for summary judgment on the grounds that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law. (*See id.*) Plaintiff has not filed an

---

[1] Plaintiff is currently housed in Solano State Prison.

opposition, even though he was given adequate time to do so. For the reasons set forth below, the Court GRANTS the motion to dismiss and the motion for summary judgment, and DISMISSES the complaint and the action. Judgment will be entered in favor of defendants as to all claims.

## BACKGROUND

This action arises from a prisoner riot at San Quentin in November 2005. The following alleged facts are taken from plaintiff's amended complaint (Docket No. 21) and are assumed as true for purposes of this order only. While plaintiff was eating in San Quentin's dining hall on November 28, 2005, a fight broke out between black and Mexican inmates, during which plaintiff, who did not participate in the rioting, was injured. Correctional officers stopped the riot. Defendant T. A. Lee, accompanied by defendant Grant, then conducted a check of inmates' hands to see who was injured. Lee observed that plaintiff's hands were swollen and cut. Lee, believing that such injuries were caused by plaintiff's participation in the riot, ordered plaintiff handcuffed and taken to the medical holding tank. Two hours later, Lee informed plaintiff that he (plaintiff) was to be housed in administrative segregation ("ad seg") because of his participation in the riot. Plaintiff was then strip-searched, sent to ad seg, and eventually issued a rules violation report for engagement in a riot. San Quentin investigated the charges against plaintiff of participating in the riot, eventually finding him not guilty of the charges against him. (Am. Compl., Ex. I.) In response to the charges, plaintiff pursued administrative remedies.

## MOTION TO DISMISS

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and is no longer left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). If a reviewing federal court concludes

that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal without prejudice. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003).

Where a prison's grievance procedures do not specify the requisite level of factual specificity required in the grievance, "'a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought.'" *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (quoting *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)). The grievance should include sufficient information "to allow prison officials to take appropriate responsive measures." *Id*. (citation and internal quotation omitted).

A review of the prison grievance record submitted by plaintiff shows that plaintiff alleged claims only against defendants T. A. Lee and Grant. (*See* Am. Compl., Exs. D, E, I, & J.) Because the other defendants are not in any way identified in the prison grievances, either by name or by factual allegations, the prison would not have been alerted to the nature of the wrong for which redress is sought. *See Griffin*, 557 F.3d at 1120. Accordingly, defendants' motion to dismiss all claims against A. D. Lee, W. N. Burkhart, and Lieutenant Rodriguez on the grounds that plaintiff failed to exhaust his administrative remedies is GRANTED. All claims against A. D. Lee, W. N. Burkhart, and Lieutenant Rodriguez are hereby DISMISSED without prejudice to plaintiff refiling claims against such defendants after properly exhausting his administrative remedies. Defendants A. D. Lee, W. N. Burkhart, and Lieutenant Rodriguez are hereby TERMINATED from this action.

## MOTION FOR SUMMARY JUDGMENT

Plaintiff alleges the following claims: (1) defendants subjected plaintiff to retaliation in violation of the First Amendment by increasing plaintiff's custody level points resulting in a transfer to a higher security prison after plaintiff filed a grievance against them for filing a false rules violation report; (2) defendants violated plaintiff's right to due process by placing him in ad seg without providing procedural protections; and (3) defendants violated plaintiff's constitutional rights by knowingly using false information to place him in ad seg.

Summary judgment is proper where the pleadings, discovery and affidavits demonstrate that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id*.

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. On an issue for which the opposing party by contrast will have the burden of proof at trial, as is the case here, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The court is only concerned with disputes over material facts and "factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. It is not the task of the court to scour the record in search of a genuine issue of triable fact. *Keenan v. Allen*, 91 F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden of identifying, with reasonable particularity, the evidence that precludes summary judgment. *Id*. If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323.

### (1) Alleged First Amendment Violation

Plaintiff alleges that defendants retaliated against him by raising his custody level points in response to filing a false rules violation report. (Am. Compl. at 4.) Plaintiff alleges

that in January 2006, a month after he had filed a grievance against the prison staff, defendants raised his custody points level from twenty-five to thirty-seven. When plaintiff asked how his points were raised, the associate warden, B. Welch, stated that, "By the power invested in me." Plaintiff further alleges that defendant Burkhart raised his custody level points to forty-nine in retaliation for plaintiff filing a grievance, and therefore raising his custody points was "without a penological interest." (*Id*.)

A claim may be stated under § 1983 where a plaintiff alleges retaliation by state actors for the exercise of his First Amendment rights. *See Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 283–84 (1977). The plaintiff must show that the type of activity he was engaged in was protected by the First Amendment and that the protected conduct was a substantial or motivating factor for the alleged retaliatory acts. *See id*. at 287. Retaliation is not established simply by showing adverse activity by defendant after protected speech; rather, plaintiff must show a nexus between the two. *See Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on the logical fallacy of *post hoc, ergo propter hoc*, i.e., "after this, therefore because of this"). In order to create a genuine issue of material fact on retaliatory motive in the First Amendment context, a plaintiff must establish "'in addition to evidence that the defendant knew of the protected speech, at least (1) evidence of proximity in time between the protected speech and the allegedly retaliatory decision; (2) evidence that the defendant expressed opposition to the speech; or (3) evidence that the defendant's proferred reason for the adverse action was pretextual.'" *Corales v. Bennett*, 567 F.3d 554, 568 (9th Cir. 2009) (internal citation and emphasis omitted).

Reading the facts in the light most favorable to plaintiff, the Court concludes that plaintiff has not pointed to evidence precluding summary judgment. *See Keenan*, 91 F.3d at 1279. Specifically, plaintiff has not shown a causal nexus between his filing of a grievance and the raising of his custody points level. Rather, plaintiff's factual allegations show the following. In December 2005, defendants detained and charged plaintiff with participation in a riot based on the undisputed facts that plaintiff was present in the dining hall when the riot

occurred and that his hand injuries suggested direct, physical participation in the riot. Also, in December 2005, plaintiff, being not guilty of such charges, filed a grievance. A month later, defendants raised his custody points level. There is nothing in these factual allegations to support that one caused the other, apart from that fact that one occurred before the other.[2] Such a conclusion is supported by defendants' undisputed assertion that in January 2006 defendants found plaintiff not guilty of the charges, released him from ad seg, amended his record, and ordered that all copies of the disciplinary report be destroyed. (Am. Compl., Ex. I.) Such events do not support plaintiff's allegation that he suffered retaliation at the hands of defendants. Rather, such facts indicate that defendants responded positively to plaintiff's grievances and assertions of innocence. Accordingly, defendants' motion for summary judgment as to this claim is GRANTED. These claims against the defendants are DISMISSED. Judgment will be entered in favor of defendants as to the claim that defendants retaliated against plaintiff.

**(2)    Placement in Administrative Segregation**

Petitioner alleges that defendants violated his right to due process by placing him in ad seg without providing procedural protections. An essential principle of due process is that a deprivation of life, liberty or property "'be preceded by notice and opportunity for hearing appropriate to the nature of the case.'" *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) (citation omitted).

Reading the facts in the light most favorable to plaintiff, the Court concludes that plaintiff has not pointed to evidence precluding summary judgment. More specifically, plaintiff concedes that from the moment he was apprehended, he was informed of the reasons for his detention and punishment, and was afforded formal notice of a hearing, and an opportunity to respond. Plaintiff was, in fact, consequent to a hearing on the charges, found not guilty. This undisputed evidence supports a conclusion that defendants afforded plaintiff

---

[2] Plaintiff's increased point level may have been caused by his facing disciplinary charges at the time, rather than by any retaliation by defendants.

all the protections of procedural due process. Accordingly, defendants' motion for summary judgment as to this claim is GRANTED. These claims are DISMISSED. Judgment will be entered in favor of defendants as to these claims.

### (3) Alleged Use of False Information to Place Plaintiff in Ad Seg

Plaintiff alleges that defendants violated his due process rights by knowingly using false information to place him in ad seg. Reading the facts in the light most favorable to plaintiff, the Court concludes that plaintiff has not pointed to evidence precluding summary judgment. Plaintiff's own version of the facts shows that defendants' belief that plaintiff had participated in the riot was not unreasonable, let alone false. Specifically, plaintiff states that he was present in the dining hall when the riot broke out, and that defendants saw that his hands were swollen and cut, and therefore it appeared that plaintiff had participated in the riot. Such appearances were later found to be mistaken, but plaintiff has not shown that defendants knowingly proceeded on false or fabricated information. Accordingly, defendants' motion for summary judgment as to this claim is GRANTED. These claims are DISMISSED. Judgment will be entered in favor of defendants as to the claim that defendants violated plaintiff's constitutional rights by knowingly using false information to place him in ad seg.

## CONCLUSION

For the reasons listed above, defendants' motion to dismiss all claims against A. D. Lee, W. N. Burkhart, and Lieutenant Rodriguez is GRANTED. All claims against A. D. Lee, W. N. Burkhart, and Lieutenant Rodriguez are DISMISSED without prejudice. Defendants A. D. Lee, W. N. Burkhart, and Lieutenant Rodriguez are TERMINATED from this action.

//
//
//
//
////

Defendants' motion for summary judgment against defendants T. A. Lee, R. Grant, and B. Welch is GRANTED. All claims against T. A. Lee, R. Grant, and B. Welch are DISMISSED.

This order terminates Docket No. 30.

The Clerk shall enter judgment in favor of all defendants, terminate the pending motion, and close the file.

**IT IS SO ORDERED**.

DATED: May 5, 2010

_____
RICHARD SEEBORG
United States District Judge